Andrew Lewinter
OSB # 080031
Andrew Lewinter, Attorney, P.C.
132 E. Broadway, Suite 821
Eugene, OR 97401
Telephone: (541) 686-4900
Facsimile: (541) 686-1300
andrew@lewinterlaw.com

Attorney for Plaintiff Anthony Perkins

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **ANTHONY PERKINS,**  an individual<br><br>Plaintiff<br><br>v.<br><br><br>**HSS SECURITY, LLC**<br><br>Defendant. | Case No.: 6:24-cv-00906<br><br><br>**COMPLAINT**<br>(AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *et seq.;* ORS 659A.112)<br><br><br>DEMAND FOR JURY TRIAL |

**INTRODUCTION**

1.

This action is brought on behalf of Plaintiff Anthony Perkins for disability discrimination

in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112 and ORS 659A.112.

**JURISDICTION AND VENUE**

2.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 42 U.S.C. §

12117.  This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

3.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in Lane County, Oregon.

4.

Costs and reasonable attorney fees may be awarded pursuant to 42 U.S.C. § 12205, Fed. R. Civ. P. 54(d), and ORS 659A.885 on all claims described herein.

## PARTIES

5.

Plaintiff Anthony Perkins ("Mr. Perkins") was employed by Defendant HSS Security, LLC ("Defendant" or "HSS"), to work as a dispatcher in Defendant's Springfield, Oregon location from November 10th, 2022 until Defendant fired him on February 22nd, 2023.

6.

At all times material to this Complaint, Mr. Perkins was an individual with a disability, within the meaning of 42 U.S.C. § 12102(1)(A), because he suffered from a physical impairment that substantially limited one or more major life activities. Moreover, he was a qualified individual with a disability, within the meaning of 42 U.S.C. 12111(8), because he was able to perform the essential functions of his job, with or without reasonable accommodation. Mr. Perkins was also an individual with a disability within the meaning of 42 U.S.C § 12102(1)(C) because he was regarded as having a physical impairment, and 42 U.S.C. § 12102(1)(B) because he had a record of physical impairment.

7.

HSS is a Delaware corporation doing business in Oregon that acted as Mr. Perkins' "employer," within the meaning of 42 U.S.C. § 12111 because it employed 15 or more

employees for each working day during each of 20 or more calendar workweeks in the calendar year of and previous to the events described in this Complaint. HSS was also Mr. Perkins' "employer," within the meaning of ORS 659A.106.

## FACTUAL ALLEGATIONS

8.

HSS provides hospital security services throughout the United States. Mr. Perkins worked for HSS as a dispatcher in its Springfield, Oregon location from November 10th, 2022 until Defendant fired him on February 22nd, 2023.

9.

At his initial employment interview on October 31st 2022, Mr. Perkins told Defendant that he had been diagnosed by his doctor with a medical (physical) condition that substantially limited several major life activities. Mr. Perkins told Defendant that his disability would require that he miss approximately one day per month, and offered to provide documentation from his healthcare provider to verify his need for that accommodation. Defendant told Mr. Perkins that supporting documentation was not necessary, and that missing work that frequently would not be a problem.

10.

In late January 2023, Mr. Perkins suffered an episode from his disability and had to leave work early. Shortly after that episode, on January 18th, 2023, Defendant's leave specialist, Jessica Frostenson, emailed Mr. Perkins documentation for him to complete to receive a reasonable accommodation for his disability. In that email, Frostenson said that the form had to be returned by February 2nd, 2023. On January 19th, 2023, Mr. Perkins told his supervisor, Jonathan Louthan, that Mr. Perkins' doctor's schedule would make it difficult to schedule a

doctor's appointment and complete the paper work in time, but that Mr. Perkins had made the doctor's appointment and would return it as soon as he could.  Louthan accepted that.

11.

Mr. Perkins' disability caused him to suffer another episode on February 22nd, 2023. He had not had an episode for over a month.  Mr. Perkins called Supervisor Louthan several hours before Mr. Perkins' shift was to begin to inform him about the episode and that Mr. Perkins would have to miss work that day. Defendant fired Mr. Perkins that evening.

12.

On March 30th, 2023, Mr. Perkins filed a complaint of discrimination in violation of the ORS 659A.112 with the Oregon Bureau of Labor and Industries ("BOLI").  At the conclusion of its investigation, BOLI found that substantial evidence supported Mr. Perkins complaint, and issued Mr. Perkins a right-to-sue notice. That complaint had been co-filed with the EEOC for a violation of the Americans with Disabilities Act.  The EEOC adopted the findings of BOLI, closed its investigation and issued a Right-to-Sue Notice on May 14th, 2024, to expire 90 days thereafter.  This action is timely filed within that timeframe.

## FIRST CLAIM FOR RELIEF

## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12112

13.

Mr. Perkins re-alleges paragraphs 1 through 12.

14.

Defendant discriminated against Mr. Perkins, in violation of 42 U.S.C. § 12112, by firing him because he was an individual with a disability and needed a reasonable accommodation.

15.

Mr. Perkins has suffered both economic and non-economic damages, including emotional distress and humiliation as a result of Defendant's violation of the Americans with Disabilities Act. These damages are continuing.  Mr. Perkins is entitled to recover payment for these damages in an amount to be determined by the jury. Mr. Perkins is also entitled to recover front pay in an amount to be determined at trial because reinstatement is impracticable.

16.

Defendant's actions were taken in bad faith, maliciously, or with reckless indifference to Mr. Perkins' rights, entitling him to punitive damages in an amount to be determined by a jury.

17.

Mr. Perkins is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to 42 U.S.C. § 12205.  Mr. Perkins is entitled to pre-judgment and post-judgment interest, pursuant to 28 U.S.C. § 1961.

## **SECOND CLAIM FOR RELIEF – ORS 659A.112**

18.

Mr. Perkins realleges paragraphs 1 through 12.

19.

Defendant discriminated against Mr. Perkins, in violation of ORS 659A.112, by firing him on the basis of his disability and need for a reasonable accommodation.

20.

Mr. Perkins seeks front pay, backpay, compensatory damages for the emotional distress he suffered as a result of Defendant's discrimination in violation of ORS 659A.112 in an amount to be proven at trial, and reasonable attorney fees and costs of this action, as provided by ORS

659A.885. Mr. Perkins is also entitled to recover front pay in an amount to be determined at trial because reinstatement is impracticable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Perkins hereby demands a trial by jury as to all issues.

## DEMAND FOR RELIEF

**WHEREFORE**, Mr. Perkins prays for the following relief against Defendant:

a. Front pay in an amount to be determined by the Court because reinstatement is not practicable;

b. Past lost earnings and benefits of employment in an amount to be proven at trial;

c. Compensatory damages in an amount to be proven at trial;

d. Punitive damages in an amount to be proven at trial;

e. Costs in this action, including his reasonable attorney's fees, costs, and expert witness fees;

f. Pre-judgment and post-judgment interest, as appropriate, on all amounts due to Plaintiff as a result of this action; and

g. Such other and further relief as the Court deems just and proper.

DATED this June 5, 2024

s/ *Andrew Lewinter*
Andrew Lewinter OSB # 080031